| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>2020-0780/2020-0774<br><br>POWERS KIRN, LLC<br>ecf@powerskirn.com<br>William M. E. Powers III<br>728 Marne Highway, Suite 200<br>Moorestown, NJ 08057<br>856-802-1000<br>Attorney for Sun West Mortgage Company, Inc. | |
|---|---|
| In Re:<br><br>Richard B. Moore | Case No.: 20-22758-JKS<br><br>Hearing Date: 01/28/2021 at 8:30 am<br><br>Judge: Honorable John K. Sherwood<br><br>Chapter: 13 |

## OBJECTION TO CONFIRMATION

Richard B. Moore
292 South Burnet Street
East Orange NJ 07018

Brad J. Sadek, Esquire
1315 Walnut Street, Suite 502
Philadelphia PA 19107

Marie-Ann Greenberg, Trustee
30 Two Bridges Road, Suite 330
Fairfield NJ 07004

PLEASE TAKE NOTICE that Sun West Mortgage Company, Inc. ("Sun West"), through its attorney hereby objects to confirmation of the plan on grounds including:

1. Sun West holds a claim in the amount of $353,213.18, which includes pre-petition mortgage arrears of $22,000.08, secured by a first mortgage on the debtor's residence. A proof of claim was filed on January 13, 2021 and is identified as Claim 6 in the claims register.

2. Sun West holds a claim in the amount of $7,969.77, which includes pre-petition mortgage arrears of $75.00, secured by a second mortgage on the debtor's residence. A proof of claim was filed on January 13, 2021 and is identified as Claim 7 in the claims register.

3. The treatment proposed in the plan is unclear. While Part 4.a. of the plan speaks in terms of curing an arrearage to Sun West in the amount of $25,000.00, Part 4.f. of the plan also states that the secured claim of Sun West is unaffected by the plan. It is unclear whether the treatment proposed in Part 4.f. of the plan conflicts with the treatment proposed in Part 4.a. of the plan or if Part 4.f. of the plan is meant to reference Sun West's second lien. Notably, additional mortgage payments in relation to the residence are budgeted at $0.00 on Schedule J. (Doc. #1, Page 29, ¶5. Regardless, there is no provision in the plan for continuing post-petition payments due in relation to second mortgage. To the extent that the plan's treatment is unclear and fails to provide for continuing post-petition payment for Sun West's second mortgage, the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(6) are not satisfied.

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC

/s/ William M. E. Powers III
BY: William M. E. Powers III

DATED: January 21, 2021